UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

    v.

VLADIMIR EYDELMAN and STEVEN
METRO,

        Defendants.

Civil Action No. 14-01742 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff United States Securities and Exchange Commission's ("SEC") Motion for Summary Judgment against Defendant Steven Metro ("Defendant" or "Metro"). (ECF No. 34.) Defendant filed opposition (ECF No. 38) and the SEC replied (ECF No. 40). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and for other good cause shown, Plaintiff's Motion for Summary Judgment is granted in part.

On March 19, 2014, Metro was arrested on charges of insider trading. (SEC's Statement of Undisputed Material Facts "SOMF" ¶¶ 4, 51, ECF No. 35; Compl., ECF No. 1.) The SEC filed its Complaint on the same day. (*Id.*) Due to the ongoing criminal proceedings, on September 16, 2014, the Court stayed the civil action. (ECF No. 18.) On November 12, 2015, Metro pleaded guilty to the criminal charges. (Def.'s Opp'n Br. 5.) On September 14, 2016, the Court sentenced Metro to forty-six months incarceration, three years supervised release, and a fine of $10,000. (*Id.*) On October 5, 2016, the Court lifted the stay of the civil matter (ECF No. 25) and the parties engaged in a short period of discovery.

The SEC Complaint alleges three counts of civil violations: (1) Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; (2) Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); and (3) Section 14(e) of the Exchange Act, 15 U.S.C. § 78n(e), and Rule 14e-3 thereunder, 17 C.F.R. § 240.14e-3. (Compl., ECF No. 1.) On May 16, 2017, the SEC moved for summary judgment against Metro on all counts. (ECF No. 34.) The SEC seeks an injunction prohibiting future violations of the federal securities laws and a monetary penalty of more than two million dollars. (SEC's Moving Br. 8.)

Although Defendant disputes certain underlying facts in the SEC's Complaint,[1] Defendant concedes that liability on Counts I and II are satisfied by his plea allocution. (Def.'s Opp'n Br. 7.) As to Count III, Defendant contends that the evidence on the record does not entitle the SEC to summary judgment on this Count. (Id. at 8-10.) Nevertheless, Metro is

---

[1] The SEC argues that, in considering the appropriate civil penalty, Defendant's discovery conduct, namely, invocation of the Fifth Amendment right against self-incrimination and failure to provide initial disclosures or respond to requests for admission ("RFAs"), makes it inappropriate for Defendant to dispute the SEC's factual allegations. (SEC's Moving Br. 2.) The SEC asks the Court to treat all of the RFAs as admitted pursuant to the Federal Rules of Civil Procedure and draw an adverse inference from Metro's invocation of the Fifth Amendment right. (SEC's Moving Br. 2 nn.3, 4.) Defendant disputes that the SEC's request is appropriate and maintains that the Court should consider Defendant's factual account of the events in determining the civil penalty. Defendant points out that during the period of discovery, Defendant was represented by his criminal defense attorney who was not admitted to practice in New Jersey. (Def.'s Opp'n Br. 5-6, ECF No. 38.) Defendant claims he did not know that his attorney did not provide initial disclosures or respond to the RFAs and that he signed a declaration invoking the Fifth Amendment privilege—which was drafted by the SEC—on the advice of his attorney. (Id.) Defendant asserts that the SEC is not prejudiced, and the interests of justice are served, if the Court considers Defendant's explanation of his conduct, not the SEC's version of the scheme, which Defendant argues is not supported by the record, in determining the appropriate civil penalty. (Id. at 10-16.) Defendant also argues that the usual concerns that exist when discovery requests are not responded to substantively are not present in this instance. Metro has always disputed the same facts and the SEC has been on notice of his position from the start. (Id. at 13-14.) The Court is sensitive to balancing these interests, but declines to resolve these issues at this time. If the parties are unable to resolve the civil penalty amount in the conference with Judge Bongiovanni, the Court will make a determination as to the appropriate method to proceed moving forward.

willing to stipulate to liability on Count III if an agreement can be reached with the SEC regarding the amount of the civil penalty, which Metro asserts should be ten thousand dollars. (*Id.* at 9-10, 17-22.) As to the injunction, Metro does not object to the SEC's request that Metro be permanently enjoined from engaging in future violations of the laws at issue.[2] (*Id.* at 10 n.7.)

The core of this dispute is the amount of the civil penalty that should be imposed on Metro. The motion papers reflect that Metro and the SEC have engaged in settlement negotiations that have, thus far, been unsuccessful. (*Id.* at 9-10) According to Defendant, although Defendant is willing to concede liability, the SEC will not agree to a settlement, even solely as to the issue of liability, unless Metro assents to the truthfulness of each paragraph in the Complaint, including the paragraphs Metro contends are inaccurate. (*Id.*) Given the procedural posture of this matter, the Court finds that it may be beneficial for the parties to engage in a settlement conference with the Magistrate Judge to attempt to resolve the outstanding issues, including the appropriate amount of the civil penalty.

Accordingly, for the reasons set forth above, and based on the Court's inherent power to control the matters on its docket, and for other good cause shown,

**IT IS** on this 11th day of October, 2017 **ORDERED** that:

1. The Court **GRANTS** summary judgment to the SEC on Counts I and II of the Complaint.

2. The Court **RESERVES** on summary judgment as to Count III of the Complaint.

3. The Court **RESERVES** on the SEC's request for a permanent injunction.

---

[2] Although Metro does not object to the SEC's request for a permanent injunction, it seems that Defendant may not have reviewed the SEC's proposed injunction language. (*See* SEC's Proposed Final Judgment, ECF No. 34-2; Def.'s Opp'n Br. 10 n.7; SEC's Reply Br. 4, n.2.) Because the parties are being referred to a conference with Judge Bongiovanni, the Court will reserve on the request for an injunction at this time. If the parties do not agree to specific injunction terms during the conference, the Court will rule on the proposed injunction.

4. Within seven days of the date of this Memorandum Order, the parties shall contact Magistrate Judge Bongiovani to schedule a settlement conference.

5. Should the settlement conference prove unsuccessful, within seven days of the conference, Plaintiff shall e-file correspondence to request reinstatement of the summary judgment motion as to any outstanding issues.

                                             /s/ Michael A. Shipp
                                             MICHAEL A. SHIPP
                                             UNITED STATES DISTRICT JUDGE